UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES LINDELL McWHIRT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:06-CV-975 TCM |
| JOEL PITMAN, et al., | ) ) ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of James Lindell McWhirt for leave to commence this action without payment of the required filing fee. See U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court will grant applicant provisional leave to file this action.

**The Complaint**

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983. Named as defendants are Joel Pitman (Reality House head caseworker), Stephana Landweir (a Reality House caseworker), Tracy Cowin (a Missouri state parole officer), John Doe (a Reality House administrator), and Jane Doe (a Reality House administrator). Plaintiff's allegations concern his treatment at Reality House in Columbia, Missouri (a drug and alcohol treatment center). Specifically, he contends that he was denied prescribed psychotropic drugs. He further alleges, *inter alia*, that defendant Cowin lied on his parole violation report; that defendants John Doe and Jane Doe refused to answer his grievances; and that defendant Landwier refused to let him job search and set him up for a mental health evaluation instead of arranging a doctor's appointment.

**Discussion**

Pursuant to 28 U.S.C. § 1391(b), venue for this action is proper where (i) any defendant resides, if all the defendants reside in the same state; (ii) a substantial part of the events or omissions giving rise to the claim occurred; or (iii) where any defendant may be found, if there is no district in which the action may otherwise be brought. All of the events described in the complaint occurred in Boone County, Missouri, which is located in the Western District of Missouri. See 28 U.S.C. § 105(b)(1)(4). Also, all of the defendants can be found in the Western District of Missouri. Therefore, venue is not proper in this district.

Pursuant to 28 U.S.C. § 1406(a), the District Court in which is filed a case laying venue in the wrong district may dismiss the case or, in the exercise of its discretion and in the interest of justice, transfer the petition to any District Court in which such action could have been brought. When dealing with a plaintiff who is proceeding pro se and in forma pauperis, the usual practice is to transfer the case to the proper district. Therefore, this complaint shall be transferred to the United States District Court for the Western District of Missouri.

Because venue is not proper in this district, no determination has been made as to whether the complaint is frivolous or fails to state a claim or both pursuant to 28 U.S.C. § 1915(e)(2)(A)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff is provisionally granted leave to proceed in forma pauperis, subject to modification by the Western District of Missouri upon transfer, and that the Clerk shall receive and file the complaint in this action without payment of the required filing fee.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because it is being transferred to the Western District of Missouri.

An appropriate order shall accompany this order and memorandum.

Dated this 2nd day of August, 2006.

                                                    /s/ Thomas C. Mummert, III
                                                    THOMAS C. MUMMERT, III
                                                    UNITED STATES MAGISTRATE JUDGE